1

2

3

4                          UNITED STATES DISTRICT COURT

5                         NORTHERN DISTRICT OF CALIFORNIA

6

7    JDS UNIPHASE CORPORATION,                  Case No.  14-cv-01091-JST

         Plaintiff,

8

         v.                                     **ORDER DENYING MOTION TO
9                                               DISMISS**

10   COADNA PHOTONICS, INC.,                     Re: ECF No. 9

         Defendant.

11

12

13   **I.      INTRODUCTION**

14          Before the court is Defendant CoAdna Photonic, Inc.'s ("Defendant") Motion to Dismiss.

15   ECF No. 9.  The matter came for hearing on June 26, 2014.

16   **II.     BACKGROUND**

17          **A.      Procedural History**

18          Plaintiff JDS Uniphase Corporation ("Plaintiff") filed this action for two counts of direct

19   patent infringement against Defendant on March 7, 2014.  Complaint ("Compl."), ECF No. 1.

20

21   Defendant filed the instant motion on April 3, 2014.  ECF No. 9.

22          **B.      Factual Allegations**

23          The court accepts the following allegations as true for the purposes of resolving this Rule

24   12(b)(6) motion.  Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).

25          Plaintiff owns U.S. Patent No. 7,162,115[1] ("the '115 Patent").  Compl. ¶ 9.  The '115

26

27   _____

28   [1] The Plaintiff also owns U.S. Patent No. 6,498,872, and the complaint alleges that Defendant is
     infringing it.  On June 24, 2014, however, Plaintiff voluntarily dismissed its claims concerning the

United States District Court
Northern District of California

Patent was issued January 9, 2007.  Id., Ex. 2.  Titled "Multiport Wavelength-Selective Optical

Switch," the patent's twelve claims relate generally to optical switches for use in optical

communications applications.  Id.

Defendant CoAdna makes and sells optical communications and networking equipment.

Id. ¶ 10.  Specifically, CoAdna makes and sells products it refers to as its Wavelength Selective

Switch ("WSS") products, including at least the 50GHz and 100GHz channel spacing models.  Id.

¶ 11.  The technology used in CoAdna's WSS products is sometimes referred to as CoAdna's

Lightflow™ technology.  Id.  CoAdna's WSS products can be used in fixed and flexible grids.

Id.

Regarding the '115 Patent, Plaintiff alleges that: (1) Defendant's WSS products embody

and are covered by at least one claim of the patent; (2) Defendant has directly infringed and is

directly infringing at least one claim of the patent under 35 U.S.C. § 271(a) by making, using,

offering to sell, and/or selling within the United States and/or importing into the United States its

WSS products; (3) Defendant will continue to directly infringe the patent unless enjoined by the

court; (4) Plaintiff has sustained damages as a direct and proximate result of Defendant's

infringing activities; (5) Plaintiff will suffer and is suffering irreparable harm from Defendant's

infringing activities and deserves an injunction; and (6) Defendant's infringement of the patent.

Id. ¶¶ 20-25; see also ECF No. 28.

Plaintiff seeks a judgment that Defendant has infringed the '115 Patent, damages, and

declaratory and injunctive relief.  Id. at pp. 4-5.

### C.    Legal Standard

On a motion to dismiss, courts accept the material facts alleged in the complaint as true, as

well as all reasonable inferences that may be drawn from those facts.  Navarro v. Block, 250 F.3d

---

'872 patent without prejudice.  ECF No. 28.

United States District Court
Northern District of California

729, 732 (9th Cir. 2001).  Rule 8(a)(2) of the Federal Rules of Civil Procedure "generally requires only a short and plain statement of the plaintiff's claim."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted).  However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim for relief that is plausible on its face."  Twombly, 550 U.S. 544, 570 (2007).  Plausibility does not mean probability, but it requires "more than a sheer possibility that a defendant has acted unlawfully."  Iqbal, 556 U.S. at 687.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

### D.    Jurisdiction

The court has subject-matter jurisdiction over this "civil action arising under" an "Act of Congress relating to patents."  28 U.S.C. § 1338(a).

## III.    ANALYSIS

Form 18 of the Federal Rules of Civil Procedure sets forth a sample complaint for direct patent infringement and requires: "(1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that defendant has been infringing the patent 'by making, selling, and using [the device] embodying the patent'; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages."  K-Tech Telecomms., Inc. v. Time Warner Cable, Inc., 714 F.3d 1277, 1283 (9th Cir. 2013), cert. denied, 134 S. Ct. 1026 (U.S. 2014).

The Forms in the Federal Rules Appendix, such as Form 18, satisfy the federal pleading rules "'and illustrate the simplicity and brevity that these rules contemplate.'"  Id. (quoting Fed. R. Civ. P. 84); see also In Re Bill of Lading Transmission & Processing Sys. Pat. Litig., 681 F.3d

1323, 1334 (Fed. Cir. 2012)).  Rule 84 and the Advisory Committee notes to the 1946 amendment

of Rule 84 make clear that "the proper use of a form contained in the Appendix of Forms

effectively immunizes a claimant from attack regarding the sufficiency of the pleading."  K-Tech,

714 F.3d at 1283.  That immunizing effect is not altered by variations in regional circuit law,

because the Federal Rules cannot be amended by judicial interpretation.  See id. n.1 ("Form 18 is a

national form, and any argument that we should interpret it differently" based on circuit law "is

without merit"); see also Twombly, 550 U.S. at 569 n.14 (noting no change in pleading standard

because amendment to Federal Rules may not be accomplished by judicial interpretation).

Accordingly, "to the extent any conflict exists between Twombly (and its progeny) and the Forms

regarding pleading requirements, the Forms control."  K-Tech, 714 F.3d at 1283.  Nevertheless,

"an implausible claim for patent infringement rightly should be dismissed."  Id. at 1284.

Defendant first argues that Form 18 itself is insufficient under Twombly and Iqbal.

Defendant relies primarily on three unpublished opinions from this district, and a very recent case

from the Eastern District of Virginia.  Defendant CoAdna Photonics, Inc.'s Motion to Dismiss

("Mot.") at 2-3, 5, ECF No. 9.  The three Northern District opinions were all decided before Bill

of Lading and K-Tech, and are no longer good authority to the extent that they contradict those

controlling precedents.  Avocet Sports Tech., Inc. v. Garmin Int'l Inc., No. 11-cv-04049 JW, 2012

WL 1030031, at *3 (N.D. Cal. Mar. 22, 2012); PageMelding, Inc. v. ESPN, Inc., No. 11-cv-06263

WHA, 2012 WL 851574, at *1-2 (N.D. Cal. Mar 13, 2012); Cal. Inst. of Computer Assisted

Surgery, Inc. v. Med-Surgical Servs., Inc. ("CICAS"), No. 10-cv-02042 CW, 2010 WL 3063132,

at *2 (N.D. Cal. Aug. 3, 2010).

As for Macronix Int'l Co., Ltd. v. Spansion, Inc., __ F. Supp.2d __, No. 3:13-cv-679-REP,

2014 WL 93450, at *8-9 (E.D. Va. Mar. 10, 2014), that opinion forcefully disagrees that Bill of

Lading and McZeal v. Sprint Nextel Corp., 501 F.3d 1354, 1357-60 (Fed.Cir. 2007), correctly

applied the Supreme Court's decisions in Twombly and Iqbal.  This court is unpersuaded by the

opinion in <u>Macronix</u>, since it provides no argument for how <u>K-Tech</u>, which again reinforced the

Federal Circuit's understanding of Form 18, can be distinguished.  To the extent <u>K-Tech</u>'s

analysis rested on "the applicable law of the regional circuit," 714 F.3d at 1282, it was also

applying the controlling law of the Ninth Circuit that this court is also bound to apply.

Defendant next argues that, even if a Form 18-compliant complaint does satisfy Rule 8, the

Complaint does not satisfy Form 18.  Defendant notes that the <u>K-Tech</u> plaintiffs provided a more

factually detailed complaint than the one at issue here.  Defendant CoAdna Photonics, Inc.'s Reply

in Support of Motion to Dismiss ("Reply"), 5-6, ECF No. 22.  This argument is unavailing.  In <u>K-

Tech</u>, the Federal Circuit did not hold that the complaint before it represented the minimum

amount of factual material that Form 18 requires.  Indeed, the court stated that "a complaint

containing just enough information to satisfy a governing form may well be sufficient under

<u>Twombly</u> and <u>Iqbal</u>."  714 F.3d at 1284.

Here, Defendant does not dispute the fact that the Complaint literally satisfies the

requirements of Form 18.  The Complaint (1) alleges jurisdiction, Compl. ¶¶ 3-5; (2) states that

Plaintiff owns the '115 patent, <u>id.</u> at ¶¶ 8-9; (3) states that CoAdna has been infringing the patent

"by making, using, offering to sell and/or selling" its WSS products, <u>id.</u> at ¶¶ 11, 14-15, 21-22; (4)

serves as notice to CoAdna of its infringement; [2] and (5) includes a prayer for relief in the form of

injunction and damages, <u>id.</u> at ¶¶ 4-5.

<u>K-Tech</u> acknowledged that "an implausible claim for patent infringement rightly should be

dismissed."  <u>Id.</u> at 1284.  Perhaps the Federal Circuit would regard a complaint bringing such an

"implausible claim" to be non-compliant with Form 18.  Perhaps it would consider such a

complaint to present an exception to the rule that Form 18-compliant complaints satisfy Rule 8.

This court need not resolve these questions, however, because Defendant provides no persuasive

---

[2] <u>See</u> <u>Superior Indus., LLC v. Thor Global Enters. Ltd.</u>, 700 F.3d 1287, 1295 (Fed. Cir. 2012)
(under 35 U.S.C. § 287(a), filing a complaint serves as notice for the purposes of Form 18).

United States District Court
Northern District of California

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

argument that Plaintiff's patent infringement claims are "implausible."  What Defendant argues is that Plaintiff's are not sufficiently specific; he does not explain why it is implausible that Defendant's products infringe on the Patent-in-Suit.

Plaintiff has stated a claim for direct infringement of the '115 Patent.  The Complaint complies with Form 18, and there is no reason to conclude that its claims are implausible.  In addition, it includes copies of Plaintiff's patents and provides information about the specific products that Plaintiff believes are infringing those patents.  At least in an action for direct infringement, nothing more is required to provide CoAdna notice of the claims asserted against it.

As an aside – but perhaps a relevant one – it is worth noting that, under this district's Patent Local Rules, plaintiff will be soon be required to disclose detailed and specific information regarding exactly what claims of the patent it contends are infringed and by which specific instrumentalities.  See Patent L.R. 3-1.  Therefore, at least in this district, Defendant will not labor long under any difficulty understanding the nature of the claims against it and beginning to prepare its defense.

## IV.     CONCLUSION

For the foregoing reasons, the motion to dismiss is DENIED.

**IT IS SO ORDERED.**

Dated:  June 26, 2014

_____
JON S. TIGAR
United States District Judge

6